■ SVETLANA PECHKO et al., Respondents, v TANYA GENDELMAN et al., Defendants, and RESSLER & RESSLER, Appellant. [799 NYS2d 80]—

In an action, inter alia, to recover damages for legal malpractice, the defendant Ressler & Ressler appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated June 1, 2004, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the plaintiffs' second cause of action for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiffs.

This appeal concerns the viability of the second cause of action alleging that the appellant law firm, Ressler & Ressler, was negligent in its representation of the plaintiffs in a medical malpractice action. The plaintiffs allege that on March 3, 1997 the plaintiff Svetlana Pechko underwent a mammogram while a patient in the office of Dr. John Kehoe. The mammogram was sent to an independent radiologist, Dr. Joseph Gottesman, for interpretation. In a report dated March 6, 1997, Dr. Gottesman noted, inter alia, a "sharply defined nodular density overlying the axillary region in the left breast [seen only] on the oblique lateral projection," and that an "exaggerated craniocaudal view of the left breast is recommended for further evaluation." Dr. Gottesman concluded that "[f]urther evaluation is recommended, as discussed above. Further evaluation of any palpable entity is recommended, as per clinical indication." Dr. Kehoe asserted that he read the report as raising questions that warranted further clinical evaluation. However, he averred that such evaluations were "never accomplished because [the plaintiff Svetlana Pechko] did not present herself," despite the efforts of his office to schedule the same. By contrast, Pechko asserted that Dr. Kehoe told her that the March 3, 1997 mammogram was "normal." Pechko never returned to Dr. Kehoe.

In October 1997 Pechko underwent a mammogram with another doctor and was diagnosed with cancer in her left breast. She sent a representative to Dr. Kehoe to pick up the March 3, 1997 mammogram film, as well as films from prior mammograms. A modified radical mastectomy removing Pechko's left breast was performed in December 1997. The surgeon recalled seeing the March 3, 1997 mammogram plate and pointing out to Pechko that certain "micro-calcifications" revealed in the film were "suspicious for cancer."

In 1999 the defendant Tanya Gendelman, an attorney, commenced the underlying medical malpractice action on the plaintiffs' behalf against, among others, Dr. Gottesman and Dr. Kehoe. During the course of the action, Gendelman forwarded the mammogram films to the defendant Howard B. Kessler, a radiologist, for evaluation. However, prior to evaluation, the films were lost while in Dr. Kessler's possession. In June 2001 the plaintiffs retained the appellant law firm, Ressler & Ressler, to represent them in the underlying medical malpractice action. In June 2002 Dr. Gottesman and Dr. Kehoe moved for summary judgment dismissing the complaint. The doctors argued, inter alia, that the films constituted key evidence, and that the loss of that evidence irreparably prejudiced their ability to defend the action. The Supreme Court granted the motions and dismissed the complaint. The Supreme Court determined that it was "constrained" to grant the doctors' motions, as the "plaintiff[s] failed to counter the subject motions with expert affidavits sufficient to create issues of fact; this Court surmises that the absence of the X-rays in question render it impossible for [the] plaintiff[s] to do so."

In 2003 Svetlana Pechko and her husband, asserting derivative claims, commenced this action, inter alia, against Ressler & Ressler to recover damages for legal malpractice. The plaintiffs alleged, inter alia, that Ressler & Ressler failed to properly defend them against the summary judgment motions in the underlying medical malpractice action. Before answering, Ressler & Ressler moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. Ressler & Ressler appeals the denial of that branch of its motion which was to dismiss the second cause of action alleging legal malpractice. We affirm.

Although Ressler & Ressler submitted evidentiary material in support of its motion to dismiss, the motion was not converted to, nor decided as, one for summary judgment (see CPLR 3211 [c]). However, where, as here, evidentiary material has been submitted on a motion to dismiss, it may be considered in as-

sessing the viability of a complaint, although the complaint should not be dismissed unless the defendant demonstrates that a material fact alleged by the plaintiff "is not a fact at all" and that "no significant dispute exists regarding it" (*Yew Prospect v Szulman*, 305 AD2d 588, 589 [2003], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Sta-Brite Servs., Inc. v Sutton*, 17 AD3d 570 [2005]). Applying this standard, Ressler & Ressler did not demonstrate that the plaintiffs' second cause of action, alleging legal malpractice, should have been dismissed.

In order to sustain the second cause of action alleging legal malpractice, the plaintiffs must prove that but for the negligence of Ressler & Ressler they would have prevailed in the underlying medical malpractice action (*see Siciliano v Forchelli & Forchelli*, 17 AD3d 343 [2005]). Here, Ressler & Ressler asserts that the plaintiffs will be unable to demonstrate the merits of the underlying medical malpractice action without the mammogram films. Thus, it argues, because it was not responsible for the loss of the films, which occurred before it was retained, its negligence was not a proximate cause of the plaintiffs' damages. Moreover, Ressler & Ressler asserts that because the plaintiffs will be unable to prove the underlying medical malpractice, they will be unable to prove that any negligence by Ressler & Ressler was a proximate cause of their damages. Indeed, Ressler & Ressler argues that the Supreme Court in the underlying medical malpractice action already determined that the plaintiffs will be unable to prove medical malpractice without the mammogram films and that determination should be given collateral estoppel effect in this action.

However, these arguments are flawed in several respects. First, the alleged negligence of Ressler & Ressler in the underlying medical malpractice action is not premised on a finding that it was responsible for the loss of the mammogram films. Rather, the plaintiffs argued, inter alia, that Ressler & Ressler negligently failed to obtain and present secondary evidence concerning the mammogram films and other evidence of negligence in opposing the doctors' motions for summary judgment (*see Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639 [1994]; *Wagman v Bradshaw*, 292 AD2d 84 [2002]). Here, the evidentiary material submitted by Ressler & Ressler in support of its motion did not demonstrate that these allegations were premised on material facts that were not facts at all, or that no significant dispute existed regarding the allegations. Indeed, the evidentiary problems, if any, that would be caused by the loss of the films cannot be determined on the record presented and turn, at least in part, on the availability, admissibil-

ity, and quality of the secondary and other evidence of negligence. Further, on the record presented, it cannot be said that all the allegations of medical malpractice must be resolved by reference to the mammogram films. For example, one allegation in the underlying medical malpractice action was that Dr. Kehoe negligently failed to inform Pechko of the need for further evaluation and testing indicated by the March 3, 1997 mammogram, and that the ensuing delay in diagnosis resulted in damages. In seeking summary judgment in the underlying medical malpractice action, neither Dr. Gottesman nor Dr. Kehoe disputed that the March 3, 1997 mammogram film indicated the need for further evaluation and testing. Rather, Dr. Gottesman argued that he lacked a relevant relationship with Pechko, and Dr. Kehoe argued that he informed Pechko of the results and attempted, unsuccessfully, to schedule further testing and evaluation. Finally, even assuming that the Supreme Court's determination in the underlying medical malpractice action may be read as holding that the plaintiffs will be unable to establish the merits of a medical malpractice action without the mammogram films, that determination should not be given collateral estoppel effect as against the plaintiffs when they have alleged that the determination in the underlying action was the result of negligence by Ressler & Ressler (*see Buechel v Bain*, 97 NY2d 295 [2001], *cert denied* 535 US 1096 [2002]; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659 [1990]). H. Miller, J.P., Ritter, Goldstein and Skelos, JJ., concur.