■ MANUEL DE LA CRUZ et al., Appellants, v CADDELL DRY DOCK & REPAIR CO., INC., et al., Respondents. [804 NYS2d 58]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 7, 2004, which, to the extent appealed from as limited by the briefs, dismissed the remaining causes of action (second through sixth) of the complaint, unanimously modified, on the law, the second and sixth causes of action reinstated, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

Defendant Caddell Dry Dock & Repair Co., Inc., a company which services and repairs maritime vessels, contracted with various municipal agencies, including the City's Fire Department, Department of Transportation and Department of Sanitation, to inspect and repair these agencies' fireboats, ferries and barges. The contracts required Caddell to pay the prevailing rate of wages and supplemental benefits for work performed on "public work" projects. Specific rates based on plaintiffs' respective job titles are set forth in schedules incorporated into the contracts. Caddell and its affiliated entities employed plaintiffs, who were crane operators, welders, painters and related construction trades persons and who performed work in furtherance of the contracts. Defendants American Automobile Insurance Company and American Manufacturers Mutual Insurance Company (collectively sureties) issued bonds guaranteeing the contractual obligations of Caddell and its subcontractors.

In September 2002, plaintiffs commenced the instant action alleging they performed their work under the contracts but Caddell did not pay them wages and benefits as those contracts required.

After joinder of issue, defendants moved to dismiss the complaint and to change venue from Bronx County to Richmond County. In relevant part, defendants argued: (1) plaintiffs failed to exhaust their administrative remedies; (2) there was no private right of action for recovering wages and benefits pursuant to Labor Law § 220; and (3) plaintiffs were not parties to the contracts.

After moving to dismiss, but before receiving a decision, Caddell wrote the Comptroller of the City of New York and, despite the fact that the contracts already contained a schedule of prevailing rates, requested an appropriate schedule of prevailing wage rates based on plaintiffs' various construction trades. The Comptroller responded that the statutory prevailing wage laws (Labor Law § 220 *et seq.*) did not apply to the type of work Caddell described.

Thereafter, the court denied defendants' motion to dismiss without prejudice to renewal upon the submission of the Caddell contracts and the bonds issued by the sureties. Defendants moved to renew and submitted the contracts.

The court, in granting defendants' renewal motion and dismissing the complaint, specifically noted that it was not relying on the Comptroller's decision. The court denied defendants' request to change venue as academic.

Defendants argue that the appeal should not be considered by this Court as plaintiffs failed to timely exhaust their remedies. Specifically, defendants maintain that plaintiffs failed to seek review of the Comptroller's determination that the statutory prevailing wage laws do not apply and that any challenge would now be time-barred. However, the Comptroller's determination, based on the Labor Law, is irrelevant to plaintiffs' common-law contractual claim.

Plaintiffs' claim that they were denied prevailing wages and benefits—even in the absence of a Labor Law violation—is not foreclosed simply because they were not parties to the contracts. Indeed, the Labor Law is not the exclusive remedy to recover prevailing wages. If it were, as the Court of Appeals has explained, plaintiffs would be left with no legal remedy, a result the Legislature clearly did not intend (*see Wright v Wright Stucco*, 50 NY2d 837 [1980]; *Fata v S.A. Healy Co.*, 289 NY 401, 406-407 [1943]; *see also Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11, 12 [1998]).

Plaintiffs' sixth cause of action against the sureties should be reinstated since it is derivative of the breach of contract cause of action. It is premature at this early juncture to dismiss this cause of action especially where the bonds at issue were not submitted in support of defendants' motion to dismiss.

The court properly dismissed the third and fourth causes of action for quantum meruit and unjust enrichment. The existence of an enforceable written contract covering the matter at issue precludes recovery for causes of action sounding in quasi contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *Heller v Kurz*, 228 AD2d 263, 264 [1996]).

The fifth cause of action for willful failure to pay prevailing wages was also properly dismissed. The statutory remedies of an award of attorneys' fees and liquidated damages which plaintiffs seek "are limited to actions for wage claims founded on the substantive provisions of Labor Law article 6" and are not recoverable, as here, in a common-law contractual remuneration action (*Gottlieb v Kenneth D. Laub & Co.*, 82 NY2d 457, 464 [1993]). Concur—Tom, J.P., Andrias, Marlow, Sullivan and Catterson, JJ.