■ NORMAN STEWART, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendants. [856 NYS2d 638]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated March 14, 2007, as granted that branch of the motion of the defendants New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, and Jeffroy O'Connor which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant New York City Transit Authority.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine when the plaintiff served a notice of claim on the defendant New York City Transit Authority and a new determination of that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the New York City Transit Authority thereafter.

In this action to recover damages for personal injuries allegedly arising from an accident on June 22, 2004 the plaintiff al-

leged that he served the defendant New York City Transit Authority (hereinafter the defendant) with a notice of claim by regular mail on July 21, 2004, within the 90-day statutory time period. The defendant, in a joint motion with the defendants Manhattan and Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, and Jeffroy O'Connor, moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action and submitted in support of the motion a copy of the notice of claim with a "date received" stamp of October 18, 2004, well beyond the statutory time period. In opposition, the plaintiff submitted an affidavit from a paralegal who averred that she personally mailed the notice of claim on July 21, 2004.

In a motion brought pursuant to CPLR 3211 (a) (7), evidentiary material may be considered in determining the viability of a complaint. However, the complaint should not be dismissed unless the defendant has established that a material fact alleged by the plaintiff is " 'not a fact at all' and that 'no significant dispute exists regarding it' " (*Yew Prospect v Szulman,* 305 AD2d 588, 589 [2003], quoting *Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *see Pechko v Gendelman,* 20 AD3d 404, 407 [2005]). Here, there is a question of fact regarding when the notice of claim was served. Accordingly, the motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action should not have been decided without a hearing first being held to resolve that issue. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.