■ LEON CASPER, Appellant, v CUSHMAN & WAKEFIELD, Respondent. [904 NYS2d 385]—

Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered October 13, 2009, which granted defendant's motion for summary judgment, dismissed the complaint and awarded defendant reasonable legal fees, costs and expenses, unanimously affirmed, without costs.

In this action alleging breach of contract, unjust enrichment and quantum meruit with respect to real estate commissions, defendant submitted sufficient evidence to support its motion for summary judgment. In opposition, plaintiff failed to "present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact" (*Mazurek v Metropolitan Museum of Art*, 27 AD3d 227, 228 [2006]). Plaintiff's arguments consisted

of "mere conclusions, expressions of hope or unsubstantiated allegations" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The record establishes that the written independent contractor agreement (ICA) remained in effect until plaintiff's termination in 2002 (*see North Am. Hyperbaric Ctr. v City of New York*, 198 AD2d 148 [1993], *lv denied* 83 NY2d 758 [1994]), and thus the parties were governed by its terms. Plaintiff was estopped from contending that the ICA had expired after one year since he asserted in his complaint, interrogatory responses and deposition that the ICA was in effect until his termination (*see Nestor v Britt*, 270 AD2d 192, 193 [2000]). Plaintiff also failed to satisfy his burden as to defendant's alleged waiver of the ICA arbitration provision, particularly since the ICA required that such waiver be "in writing and duly executed" by defendant.

Given the foregoing, and the fact that the arbitration clause mandated that plaintiff's sole recourse for any commission dispute was binding arbitration which he never pursued, the court properly dismissed the complaint (*see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]; *Arrowhead Golf Club, LLC v Bryan Cave, LLP*, 59 AD3d 347 [2009]). Moreover, the existence of the ICA here precluded recovery on plaintiff's quasi contract claims (*see De La Cruz v Caddell Dry Dock & Repair Co., Inc.*, 22 AD3d 404, 405 [2005]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Nardelli, Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2009 NY Slip Op 31955(U).]**