■ LEON CASPER, Appellant, v CUSHMAN & WAKEFIELD, Respondent. [931 NYS2d 55]—

In this action alleging breach of contract, unjust enrichment and quantum meruit with respect to certain real estate commissions, summary judgment dismissing the complaint was granted to defendant Cushman & Wakefield, pursuant to the order and judgment of the Supreme Court, New York County (Louis B. York, J.) (*see* 74 AD3d 669 [2010], *lv dismissed* 16 NY3d 766 [2011]), and the issue of reasonable legal fees to be paid by plaintiff, for the benefit of defendant, was referred to the Office of Special Referee for hearing and determination.

We find the court considered the relevant factors in determining reasonable attorneys' fees, and there was no abuse of discretion (*see 542 E. 14th St. LLC v Lee*, 66 AD3d 18, 24 [2009]). The record shows that, under the circumstances, defendant's attorneys performed appropriate and necessary work in light of plaintiff's claims and the substantial damages sought, generally defended the action in a manner which was reasonable, and obtained a successful result (*see Matter of Karp [Cooper]*, 145 AD2d 208 [1989]; *compare Hinman v Jay's Vil. Chevrolet*, 239 AD2d 748 [1997]).

In light of the numerous factual allegations, theories of liability, and alleged contracts set forth in plaintiff's complaint, we reject plaintiff's contention that the court abused its discretion by failing to find that defendant should have moved to dismiss the action at the outset based on arbitrability grounds, notwithstanding that such procedural defense was ultimately the basis for the grant of summary judgment (*see generally Leon v Martinez*, 84 NY2d 83, 87 [1994]).

We find plaintiff's remaining arguments unavailing. Concur—

Gonzalez, P.J., Mazzarelli, Sweeny, Abdus-Salaam and Román, JJ.