12-0654; 12-0918
Gordon v. Kaleida Health; Hinterberger v. Catholic Health

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > <u>Chief Judge</u>,
> GUIDO CALABRESI,
> RALPH K. WINTER,
> > <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - -X

GAIL HINTERBERGER, BEVERLY WEISBECKER, CYNTHIA WILLIAMS, MARCIA CARROLL, on behalf of themselves and all other employees similarly situated,

> <u>Plaintiffs -Appellants</u>,

v.                                          12-0918

CATHOLIC HEALTH SYSTEMS, INC., JOSEPH MCDONALD, MICHAEL MOLEY, CHESTNUT RIDGE MEDICAL SUPPLIES, INC., CATHOLIC HEALTH SYSTEM PROGRAM OF ALL INCLUSIVE CARE FOR THE

ELDERLY, INC., CATHOLIC HEALTH SYSTEM CONTINUING CARE FOUNDATION, KENMORE MERCY HOSPITAL, MCAULEY SETON HOME CARE CORPORATION, MERCY HOSPITAL OF BUFFALO, NAZARETH HOME OF THE FRANCISCAN SISTERS OF THE IMMACULATE CONCEPTION, NIAGARA HOMEMAKER SERVICES, INC., SISTERS OF CHARITY HOSPITAL OF BUFFALO, NEW YORK, ST. ELIZABETH'S HOME OF LANCASTER, NEW YORK, ST. FRANCIS GERIATRIC AND HEALTHCARE SERVICES, INC., ST. FRANCIS HOME OF WILLIAMSVILLE, NEW YORK, ST. JOSEPH HOSPITAL OF CHEEKTOWAGA, NEW YORK, ST. JOSEPH'S MANOR OF OLEAN, N.Y., ST. VINCENT'S HOME FOR THE AGED, ST. CLARE MANOR OF LOCKPORT, N.Y., ST. LUKE MANOR OF BATAVIA, N.Y., OUR LADY OF VICTORY RENAISSANCE CORPORATION, CHESTNUT RIDGE FAMILY PRACTICE, PLLC, ST. MARY'S MANOR,

**Defendants-Appellees.**


- - - - - - - - - - - - - - - - - - - -X

CATHERINE GORDON, JAMES SCHAFFER, TERESA THOMPSON, PAMELA MIKA, JENNIFER PFENTNER, DIANA GALDON, on behalf of themselves and all other employees similarly situated,

**Plaintiffs- Appellants,**

v.                                    12-0654

KALEIDA HEALTH, JAMES R. KASKIE, DAVID R. WHIPPLE, MFHS MANAGED CARE, INCORPORATED, FAMILY PHARMACEUTICALS, WESTLINK CORPORATION, COMMUNITY MEDICAL PC, GENERAL PHYSICIANS PC, MILLARD FILLMORE AMBULATORY SURGERY CENTER, VISITING NURSING ASSOCIATION OF WESTERN NEW YORK, INCORPORATED, VNA HOME CARE SERVICES, INCORPORATED, VNA OF WNY, INCORPORATED, GENERAL HOMECARE, INCORPORATED, WATERFRONT

2

**HEALTH CARE CENTER, INCORPORATED, KALEIDA HEALTH FOUNDATION, WOMEN AND CHILDREN'S HOSPITAL OF BUFFALO FOUNDATION, KALEIDA IPA, LLC, KALEIDA MCO, LLC, GRACE MANOR HEALTH CARE FACILITY, INCORPORATED, SCHENK PHYSICAL THERAPY, PC,**

                    **Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**          GUY A. TALIA (J. Nelson Thomas, Michael J. Lingle, <u>on the brief</u>), Thomas & Solomon LLP, Rochester, NY.

**FOR APPELLEES:**          MARK A. MOLLOY & SUSAN C. RONEY (Todd R. Shinaman, Joseph A. Carello, Lynette Nogueras-Trummer, <u>on the brief</u>), Nixon Peabody LLP, Buffalo, NY.

     Appeals from judgments of the United States District Court for the Western District of New York (Skretny, <u>C.J.</u>).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments are **AFFIRMED.**

     Gail Hinterberger, Beverly Weisbecker, Cynthia Williams, Marcia Carroll, Catherine Gordon, James Schaffer, Teresa Thompson, Pamela Mika, Jennifer Pfentner, and Diana Galdon (collectively, the "employees") appeal from the judgments of the United States District Court for the Western District of New York (Skretny, <u>C.J.</u>), denying their motions to remand to state court, and dismissing their complaints.  The denial of remand to state court is reviewed

3

de novo.  Shafii v. British Airways, PLC, 83 F.3d 566, 570 (2d Cir. 1996).  The grant of a motion to dismiss is likewise reviewed de novo.  City of Omaha v. CBS Corp., 679 F.3d 64, 67 (2d Cir. 2012).  Dismissal for failure to state a claim is affirmed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with [plaintiffs'] allegations."  Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 380 (2d Cir. 2001) (internal quotation marks omitted).  The exercise of supplemental jurisdiction is reviewed for abuse of discretion.  Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**I.  RICO**

The employees allege that their employers used a scheme to cheat them out of their lawful earnings, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  The district court dismissed the civil RICO claim with prejudice.  Hinter[b]erger v. Catholic Health Sys., No. 08-CV-952S, 2012 WL 125270, at *7-10 (W.D.N.Y. Jan. 17, 2012).  In order to state a claim under civil RICO, a

4

plaintiff "must allege the existence of seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." Moss v. Morgan Stanley, Inc., 719 F.2d 5, 16-17 (2d Cir. 1983); see 18 U.S.C. § 1962(a)-(c). This Court has recently rejected identical RICO claims brought by the same class action law firm against other health systems. As in those cases, "the mailing of pay stubs cannot further the fraudulent scheme because the pay stubs would have revealed (not concealed) that Plaintiffs were not being paid for all of their alleged compensable overtime." See Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 119 (2d Cir. 2013); see also Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 2013 WL 3743152, at *8 (2d Cir. July 11, 2013). The RICO cause of action was properly dismissed for failure to state a claim.

**II. State Law Claims**

The remaining causes of action are grounded in state law. As our concurrent summary order in cases 12-0630 and

5

12-0670 indicates, it may be that all of the state law claims are preempted under the Labor Management Relations Act ("LMRA"). However, we need not issue a Jacobson remand for further fact-finding here because we can affirm the dismissal of the state claims on other grounds.

The employees argue that once the district court dismissed their RICO claim, it should have declined to exercise supplemental jurisdiction over their remaining claims. We disagree. The Supreme Court has made it abundantly clear--in a case that also involved a dismissed RICO claim--that "[a] district court's decision whether to exercise [supplemental jurisdiction over state-law claims] after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., 556 U.S. at 639 (citing 28 U.S.C. § 1367(c)). The district court's decision to exercise supplemental jurisdiction here was a wise exercise of judicial economy, not an abuse of discretion.

The employees' first state claim is for breach of contract; however, the only clear allegation in the complaint is that the health systems breached an express and implied promise to "fulfill all of their obligations

6

pursuant to applicable state and federal law." See Hinter[b]erger, 2012 WL 125270, at *14 (quoting complaint). As the district court ruled, "[a] promise to perform a pre-existing legal obligation does not amount to consideration." Murray v. Northrop Grumman Info. Tech., Inc., 444 F.3d 169, 178 (2d Cir. 2006).

The claims for breach of an implied covenant of good faith and fair dealing, unjust enrichment, and quantum meruit were dismissed because they are insufficiently distinct from the breach of contract claim. See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175 (2d Cir. 2005) (in quantum meruit cases, a plaintiff's ability to recover "may depend on a showing that the additional [recovery sought is] so distinct from the contractual duties that it would be unreasonable for the defendant[s] to assume that [the provided services] were rendered without expectation of further pay" (internal quotation marks and revisions omitted)); Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the

7

same facts, is also pled."); <u>De La Cruz v. Caddell Dry Dock & Repair Co., Inc.</u>, 22 A.D.3d 404, 405 (N.Y. App. Div. 1st Dep't 2005) ("The existence of an enforceable written contract covering the matter at issue precludes recovery for causes of action sounding in quasi contract." (citations omitted)). The employees have alleged no breach of a duty other than breach of state laws.

The employees argue that their quasi-contract claims may not be duplicative because there is a credible dispute over whether or not an underlying employment contract actually exists. We disagree. The employees previously alleged in their complaint that they were party to written employment contracts, and the health systems have readily admitted that these contracts exist. Even now, the employees point to no facts calling into question that conceded allegation. True, the employees withdrew their claims construing allegations of written employment contracts; whether they were withdrawn to avoid LMRA preemption, <u>see</u> <u>Hinter[b]erger</u>, 2012 WL 125270, at *15, or to create an illusory "dispute" about the existence of employment contracts, is no matter. Their remaining bald allegations support no contractual duty extending beyond the statutory requirements already binding the health systems.

8

We have considered all of the employees' remaining arguments and find them to be without merit.  Accordingly, the judgments of the district court are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk