Shapiro v Sankarsingh (2019 NY Slip Op 08801)





Shapiro v Sankarsingh


2019 NY Slip Op 08801


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


10525 652282/18

[*1] Mitra Shapiro, Plaintiff-Appellant,
v
Gail Sankarsingh, Defendant-Respondent.


Law Office of Nelson Farber, New York (Nelson Farber of counsel), for appellant.
Heiberger & Associates, P.C., New York (Lawrence C. McCourt of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered October 12, 2018, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff, an independent contractor with nonparty Douglas Elliman (DE), brought this action against defendant, a licensed real estate broker with DE, based on an alleged oral agreement concerning commissions. Plaintiff signed a form acknowledging receipt of the DE policy manual and that she was obligated to follow the corporate policies and rules. The policy manual includes an arbitration clause requiring "any disputes between DE Agents relating to commissions" to be resolved through the company's internal arbitration procedures and imposing a six-month limitations period. Defendant moved to dismiss the complaint pursuant to CPLR 3211(a)(1) and (5), citing those policy manual provisions.
By signing the aforementioned form, plaintiff agreed to be bound by the terms of the DE policy manual, including the arbitration provision (see Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. v Torino Jewelers, Ltd., 44 AD3d 581, 583 [1st Dept 2007]). The manual plainly requires disputes between agents to be resolved by internal arbitration (see Casper v Cushman & Wakefield, 74 AD3d 669, 670 [1st Dept 2010], lv dismissed 16 NY3d 766 [2011]). Although defendant is not a signatory to the arbitration agreement in the DE policy manual, she can enforce it as a third-party beneficiary (see generally Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006]).
Matter of Waldron (Goddess) (61 NY2d 181 [1984]) does not avail plaintiff. In that case, the parties were two employees of the same real estate concern. The arbitration agreement in the employment contract provided for internal arbitration when the parties to the dispute had mutually consented to it. As only one of the parties had a contract with the employer, there was no mutual consent to arbitration. The arbitration agreement in the one employee's contract could not be extended, by construction or implication, to include the other employee, who was not a party to the contract (id. at 184-185).
Plaintiff's remaining contentions, including that defendant should be estopped to rely on [*2]the contractual limitations period and is improperly relying on certain provisions of the DE policy manual while rejecting others, are subjects to be resolved in arbitration.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK