| |
|---|
| **Vasquez v City of New York** |
| 2024 NY Slip Op 31144(U) |
| April 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159428/2016 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:         **HON. HASA A. KINGO**      PART        05M

*Justice*

------------------------------------------------------------------------------X

FRANCISCO VASQUEZ,

                  Plaintiff,

           - v -

THE CITY OF NEW YORK, CONSOLIDATED EDISON, INC.

                  Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159428/2016 |
| MOTION DATE | 04/28/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58

were read on this motion to/for           JUDGMENT - SUMMARY           .

This is an action for personal injuries allegedly sustained by plaintiff Francisco Vazquez (hereinafter referred to as "plaintiff") on October 22, 2015. Plaintiff alleges that he tripped and fell because of a depression in the roadway located in front of 4 East 36th Street and 6 East 36th Street here in the County and City of New York.

With the instant motion, defendant the City of New York (hereinafter referred to as "City") moves, pursuant to CPLR § 3211 (a)(7), to dismiss plaintiff's complaint and all cross-claims against it for failure to state a cause of action on the ground that plaintiff failed to allege in his notice of claim and pleadings that the City had prior written notice of the defect upon which plaintiff tripped, as required pursuant to New York City Administrative Code § 7-201. In the alternative, the City also moves, pursuant to CPLR § 3212, for summary judgment.

## DISCUSSION

"'[A] motion to dismiss made pursuant to CPLR § 3211 (a)(7) will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint

**159428/2016   VASQUEZ, FRANCISCO vs. CITY OF NEW YORK**
Motion No.  001

**Page 1 of 9**

states in some recognizable form any cause of action known to our law'" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2d Dept 2009], *affd* 16 NY3d 775 [2011], quoting *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2d Dept 2006]).

Moreover, in considering a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211 (a)(7), the pleading is to be afforded a liberal construction (*see* CPLR § 3026), and the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see also African Diaspora Mar. Corp. v Golden Gate Yacht Club*, 109 AD3d 204, 211 [1st Dept 2013]).

Although "evidentiary material may be considered in determining the viability of a complaint[,] . . . the complaint should not be dismissed unless the defendant has established that a material fact alleged by the plaintiff is not a fact at all and that no significant dispute exists regarding it" (*Stewart v New York City Tr. Auth.*, 50 AD3d 1013, 1014 [2d Dept 2008][internal quotation marks and citation omitted]; *see also Nunez v Mohamed*, 104 AD3d 921, 922 [2d Dept 2013]).

Additionally, it is well-settled that "[t]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986], citing *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Once the movant has made a *prima facie* showing, the burden shifts to the opposing party to "present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact" (*Casper v Cushman & Wakefield*, 74 AD3d 669, 669 [1st Dept 2010], *lv dismissed* 16 NY3d 766 [2011] [internal

**159428/2016  VASQUEZ, FRANCISCO vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 2 of 9**

[* 2]

quotation marks and citation omitted]). The court's function on summary judgment is "issue-finding rather than issue-determination" (*Mayo v Santis*, 74 AD3d 470, 471 [1st Dept 2010]). In deciding the motion, "the court should draw all reasonable inferences in favor of the nonmoving party" and deny summary judgment if there is any doubt as to the existence of a material issue of fact (*Assaf v Ropog Cab Corp.*, 153 AD2d 520, 521 [1st Dept 1989] [citations omitted]). "'[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient'" to defeat a motion for summary judgment (*Siegel v City of New York*, 86 AD3d 452, 455 [1st Dept 2011], quoting *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In determining whether the City is liable for injuries resulting from roadway defects, a plaintiff must demonstrate that the City has received prior written notice of the subject condition pursuant to Administrative Code § 7-201 (c) (*see Amabile v City of Buffalo,* 93 NY2d 471, 472-473 [1999]; *Tucker v City of New York,* 84 AD3d 640, 643 [1st Dept 2011]). The language of § 7-201(c)(2) explicitly requires prior written notice of a specific defect or condition in order to impute liability to the City (*see Tucker* 84 AD3d 643, *supra*). "[P]rior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City" (*Katz v City of New York,* 87 NY2d 241, 243 [1995]). "Failure to 'plead and prove' such prior written notice requires dismissal of the complaint" (*Kales v City of New York,* 169 AD3d 585 [1st Dept 2019], quoting *Katz,* 87 NY2d at 243). Prior written notice provisions enacted by the legislature in derogation of common law are strictly construed (*see Poirier v City of Schenecady,* 85 NY2d 310, 313 [1995]; *Harrison v City of New York,* 184 AD3d 742, 743 [2d Dept 2020]).

Here, the notice of claim and pleadings are devoid of any allegations that the City had prior written notice, pursuant to Administrative Code § 7-201, of the alleged defect that caused plaintiff's accident (*see* NYSCEF DOCS. NO. 1, 33). Plaintiff's opposition papers to the City's

**159428/2016   VASQUEZ, FRANCISCO vs. CITY OF NEW YORK**
**Motion No. 001**

**Page 3 of 9**

3 of 9

motion are based solely on opposing the City's motion for summary judgment and are silent as to this issue. Specifically, plaintiff contends that "the documentary evidence offered by [City] as proof of lack of notice does not resolve the factual issues in this case" (*see* NYSCEF DOC. NO. 49 at ¶ 14). Plaintiff adds that "the search records in question are rife with gaps, missing information, and incomplete entries regarding defects listed within the records" (*id*). Plaintiff's failure to address the grounds for dismissal pursuant to CPLR §3211 could warrant dismissal in the City's favor, however, lack of prior written notice under Administrative Code §7-201 is not a valid ground for a motion to dismiss pursuant to CPLR §3211. Rather, a motion on that ground is in the nature of summary judgment, because the City must submit, as it has here, proof outside of the pleadings to establish that it did not receive any prior written notice of the allegedly defective condition (*see e.g. Brill v City of New York*, 2 NY3d 648 [2004]). Indeed, pursuant to CPLR § 3212(b), a court shall grant summary judgment if "upon all papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party."

However, even when evaluating plaintiff's opposition solely within the framework of a motion for summary judgment guided by the precedent cited regarding the issue of prior written notice, no substantive basis emerges for rejecting the City's motion. Indeed, plaintiff argues that "the existence of the defect in question via photographic evidence and the defectiveness of the search records provided by DOT indicate a serious triable issue of fact which cannot simply be resolved in [City's] favor without further fact finding" (*see* NYSCEF DOC. NO. 49 at ¶ 20). However, in a stipulation and order dated January 8, 2023, all parties, including plaintiff, agreed that all discovery was complete (*see* NYSCEF DOC. NO. 27). On February 28, 2023, plaintiff then proceeded to file his note of issue and certification of trial readiness (*see* NYSCEF DOC.

**159428/2016 VASQUEZ, FRANCISCO vs. CITY OF NEW YORK**
**Motion No. 001**

**Page 4 of 9**

4 of 9

28). Specifically, plaintiff certified that "discovery proceedings now known to be necessary are completed" (*id*). Notwithstanding the aforementioned stipulation and order, plaintiff endeavors to fashion a feigned question of fact by suggesting that the City's records are inadequate or incomplete, despite previously attesting to the completion of all discovery proceedings. It is axiomatic that any efforts by the parties to inject questions of fact regarding the sufficiency or completeness of the City's records when discovery has been certified complete are speculative, utterly devoid of merit, not supported by the record, and hence insufficient as a matter of law (*see Red Zone LLC v. Cadwalader, Wickersham & Taft LLP*, 27 NY3d 1048 [2016]; *see also Gliklad v Chernoi*, 129 AD3d 604 [1st Dept 2015][holding that a feigned issue of fact did not merit denial of the turnover petition in the instant matter]; *DeLeon v. New York City Housing Auth.*, 65 AD3d 930 [1st Dept 2009][offering a new theory of liability that contradicts a previous position was a "feigned issue of fact"]).

And, as elucidated below, contrary to the speculative stance put forth by plaintiff, the City has substantiated its *prima facie* entitlement to summary judgment as a matter of law.

To satisfy its burden on summary judgment, the City must establish, "[t]hrough an affidavit from an appropriate official, that a search of the Department of Transportation's records was conducted and that there was no prior written notice of the defective condition" (*Campisi v Bronx Water & Sewer Serv.,* 1 AD3d 166, 167 [1st Dept 2003]).

Here, the City has met its initial burden of showing that it did not have prior written notice of the subject defect by submitting the affidavit of Henry Williams ("Williams"), a paralegal with the NYC Department of Transportation (hereinafter referred to as "DOT") assigned to search for records maintained by the DOT. Williams conducted a search revealing that an examination of the DOT records for the two years preceding plaintiff's accident did not uncover any prior written

**159428/2016   VASQUEZ, FRANCISCO vs. CITY OF NEW YORK**                    **Page 5 of 9**
**Motion No.  001**

5 of 9

[* 5]

notice of the purported defective condition (*see* NYSCEF DOC. NO. 43). Additionally, the City proffers the affidavit of Yelena Pasynkova, a principal administrative associate of the DOT's Manhattan Street Maintenance Division of Roadway Repair and Maintenance (*see* NYSCEF DOC. NO. 44), and the affidavit of Mohammad Hoque, a supervisor highway repairer for the DOT's Jolt elimination team, (*see* NYSCEF DOC. NO. 45) in further support of its *prima facie* showing. These affidavits collectively demonstrate that the City had no prior written notice of the alleged defective condition that caused plaintiff's accident.

"Where the City establishes that it lacked prior written notice under [Administrative Code § 7-201], the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule – that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (*Yarborough v City of New York,* 10 NY3d 726, 728 [2008]).

In opposition to the City's motion, Con Edison contends that "a question of fact exists as to whether or not the milling work performed by the City's contractor in close proximity to the date of plaintiff's accident contributed to the condition of the roadway" where plaintiff's accident occurred (*see* NYSCEF DOC. NO. 52 at ¶ 3). Con Edison also contends that the roadway was paved at some point after the milling work was performed by the City's contractor. (*id.* at ¶ 4). Con Edison relies on plaintiff's deposition testimony dated April 5, 2018, whereupon plaintiff testified that the roadway was freshly paved at the time of his accident (*see* NYSCEF DOC. NO. 39 at pgs. 49-50). Specifically, plaintiff was asked:

> "Q: So when you say it was freshly paved, it was not on the date of the incident that they were doing the paving work; correct?
>
> A: That's correct.
>
> Q: So the fresh, new –

**159428/2016   VASQUEZ, FRANCISCO vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 6 of 9**

6 of 9

A: It looked like a new coating of like – what is it? Asphalt or whatever it is.

Q: Do you know when that new, fresh pavement was put down?

A: No."

(*see* NYSCEF DOC. NO. 39 at pgs. 49-50).

In further support of its opposition to the City's motion, Con Edison annexes two permits. The first permit, permit # M01-2015132-A63 was also issued to Carlo Lizza & Sons Paving, on March 19, 2015 (*see* NYSCEF DOC. NO. 54). The permit was valid from March 19, 2015, to March 31, 2015 and was issued for the purposes of "milling" on East 36th Street from 5th Avenue to Madison Avenue (*id.*). The second permit, permit # M01-2015132-A36 was also issued to Carlo Lizza & Sons Paving, Inc. on May 12, 2015 (*id.*). The permit was valid from May 12, 2015 through May 13, 2015 and was also issued for the purposes of "milling" on East 36th Street from 5th Avenue to Madison Avenue (*id.*). Both permits were sponsored by the DDC and were issued pursuant to contract number HW2CR15CW (*id.*). Both permits also appear in the records exchanged by the City during the course of discovery (*see* NYSCEF DOC. NO. 42 at pgs. 63-66, 67-72).

As noted previously, all parties stipulated that discovery was complete in an order dated January 8, 2023 (*see* NYSCEF DOC. NO. 27). Also, plaintiff's note of issue certified that "discovery proceedings now known to be necessary are completed" (*see* NYSCEF DOC. NO. 28). Any argument, at this point in the proceedings, that attempts to create a question of fact based upon the insufficiency or lack of completeness of the City's records, is without any merit. If certain parties believe that any records were missing or outstanding, they should have requested them before stipulating and certifying that all discovery was complete. Moreover, the Appellate Division, First Department, has consistently held that the issuance of a work permit alone is

159428/2016   VASQUEZ, FRANCISCO vs. CITY OF NEW YORK
Motion No. 001

Page 7 of 9

7 of 9

insufficient, as a matter of law, to establish that the City had prior written notice of a defective condition (*Levbarg v City of New York*, 282 AD2d 239, 242 [1st Dept 2001]). The mere existence of the permits does not establish that any work was actually performed based on those permits.

Additionally, plaintiff's statements that the roadway was freshly paved are insufficient to establish a triable issue of fact that the City affirmatively created the depression in the roadway that caused plaintiff's accident through an act of negligence. Plaintiff's own testimony reveals that he did not even know when the roadway was freshly paved. Any inference that the City performed work, let alone that the City affirmatively created the defect through an act of negligence, is mere speculation and fails to establish a material question of fact as to the City's negligence (*see Hyland v. City of New York*, 32 AD3d 822, 823 [2d Dept 2006]). Moreover, even if the City did perform work, Con Edison has offered no evidence that any of the work performed was inadequate, or that any work performed immediately resulted in the dangerous condition that caused plaintiff's accident (*Thompson v City of New York*, 172 AD3d 485, 485 [1st Dept 2019] citing *Davison v City of Buffalo*, 96 AD3d 1516, 1518 [4th Dept 2012]; *see also generally Yarborough*, 10 NY3d at 728, *supra*).

In sum, neither plaintiff nor Con Edison has provided evidence showing the applicability of an exception to Administrative Code § 7-201, nor have they raised any issues of fact for trial. Consequently, the City's motion for summary judgment is granted in full.

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that the motion for summary judgment of defendant the City of New York is granted, and the complaint is dismissed against the City of New York; and it is further

**159428/2016   VASQUEZ, FRANCISCO vs. CITY OF NEW YORK**
**Motion No.  001**

Page 8 of 9

8 of 9

**ORDERED**, that any and all cross-claims against the City of New York are dismissed; and it is further

**ORDERED**, that the Clerk of the Court shall enter judgment in favor of defendant the City of New York, dismissing the claims and cross-claims made against it in this action, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for plaintiff shall serve a copy of this decision and order, with notice of entry, on the defendant, as well as, the Clerk of the Court, who shall enter judgment accordingly; and it is further

**ORDERED** that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that the Clerk of the Court is further directed to transfer this matter to the inventory of a non-City part.

This constitutes the decision and order of the court.

2024040416482?HKING08F3A75C7445B4708AE3F906D27275E4A

| | |
|---|---|
| **4/4/2024** | HASA A. KINGO, J.S.C. |
| **DATE** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**159428/2016   VASQUEZ, FRANCISCO vs. CITY OF NEW YORK**
**Motion No.  001**

Page 9 of 9

9 of 9