■ NATIONAL EQUIPMENT RENTAL, LTD., Respondent, v. FROST SAND & GRAVEL CORPORATION, Appellant.— In an action to recover rental payments allegedly due under a lease agreement relating to certain communication equipment, defendant appeals from an order of the Supreme Court, Queens County, dated February 26, 1962, and entered in Nassau County, which granted plaintiff's motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, there are triable issues of fact with respect to the alleged unsatisfactory condition of the equipment and the alleged attempts made by plaintiff's assignor to correct such condition. Hence, it was improper to grant summary judgment. The question as to whether defendant is estopped from claiming a breach of contract should be determined after trial. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.

■ JOSEPHINE NICKLESKI, Respondent, v. AERONAVES DE MEXICO, S. A., Appellant, et al., Defendants.— In a negligence action to recover damages for injury to person and property sustained by plaintiff when the jet aircraft of the defendant corporation Aeronaves de Mexico, S. A., went out of control on take-off from New York International Airport and crashed into plaintiff's automobile which she was then operating on a public highway adjacent to said airport, the said defendant appeals from an order of the Supreme Court, Queens County, dated June 4, 1962, which granted plaintiff's motion for summary judgment against it, pursuant to rule 113 of the Rules of Civil Practice (see 34 Misc 2d 834). Order reversed, without costs, and motion denied. In our opinion, the record presents issues of fact which should be resolved upon a trial. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.

■ JOSEPH PARILLO, Appellant, v. JOSEPH NATARO, Respondent.— In a negligence action to recover damages for personal injury sustained by plaintiff while he was a passenger in defendant's automobile, the plaintiff appeals from an order of the Supreme Court, Nassau County, dated May 8, 1962, which granted defendant's motion for leave to serve an amended answer so as to allege two new defenses. The original answer had pleaded denials only. Order affirmed, with $10 costs and disbursements. We do not pass upon the sufficiency of the proposed defenses which are fully described in the opinion rendered at Special Term (34 Misc 2d 800). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.