■ RACHEL WILLIAMS et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendants. [656 NYS2d 332] —In an action, *inter alia,* to recover damages for wrongful death, the defendant New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Yoswein, J.), entered March 26, 1996, as denied that branch of its motion which was to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs' daughter was murdered by the defendants Tameeka McCord and Anthony Wilson in an apartment at 185 Wortman Avenue in Brooklyn, where she resided with her mother, the plaintiff Rachel Williams. The plaintiffs com-

menced this action against McCord, Wilson, and the New York City Housing Authority (hereinafter NYCHA), the owner of the apartment building. The plaintiffs alleged that NYCHA was negligent, *inter alia*, in failing to provide a proper working lock on the front entrance door to the building. NYCHA moved, *inter alia,* to dismiss the complaint for failure to state a cause of action, contending, among other things, that McCord and Wilson were lawfully on the premises as guests of another tenant in the building, and therefore the allegedly defective lock was not a proximate cause of the incident. The Supreme Court denied the motion.

The motion by NYCHA was made pursuant to CPLR 3211. The court did not notify the parties that it was treating the motion as one for summary judgment, nor is there any indication that it did so. The parties themselves did not deliberately chart a summary judgment course. Consequently, the issue before us is whether the plaintiffs have stated a cause of action (*see, Mihlovan v Grozavu,* 72 NY2d 506; *51 St. Nicholas Realty Corp. v City of New York,* 218 AD2d 343, 347-348). Where, as here, evidentiary material is submitted on a CPLR 3211 motion, it may be considered in assessing the viability of a complaint, but unless the defendant demonstrates that a material fact alleged by the plaintiff to be true "is not a fact at all" and that "no significant dispute exists regarding it", the complaint should not be dismissed (*see, Guggenheimer v Ginzburg,* 43 NY2d 268, 275).

Inasmuch as NYCHA did not adduce evidence in admissible form tending to negate the element of proximate cause, or any of the other elements of the plaintiffs' cause of action, the motion was properly denied (*see, Guggenheimer v Ginzburg, supra,* at 275; *see, People v Thomas,* 68 NY2d 194, 197, *cert denied* 480 US 948). Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.