■ MUSEUM TRADING Co., Appellant, v BRYAN BANTRY, Respondent, et al., Defendants. [721 NYS2d 822] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Hall, J.), dated November 23, 1999, which granted the motion of the defendant Bryan Bantry pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Bryan Bantry.

The Supreme Court erred in granting the motion of the defendant Bryan Bantry (hereinafter the defendant) pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him. To the extent that the motion is considered to have been made pursuant to CPLR 3211 (a) (1), "the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Scadura v Robillard,* 256 AD2d 567; *see, Leon v Martinez,* 84 NY2d 83, 87-88; *Kalivia Food Corp. v Hunts Point Coop. Mkt.,* 244 AD2d 460). Here, the documentary evidence submitted by the defendant did not resolve all factual issues as a matter of law.

To the extent that the motion is considered to have been made pursuant to CPLR 3211 (a) (7), the defendant's evidentiary submissions failed to show that a material fact alleged by the plaintiff to be true "[was] not a fact at all" and that "no significant dispute exist[ed] regarding it" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *see, Adams v O'Connor,* 245 AD2d 537; *CD Music Co. v Bassline, Inc.,* 242 AD2d 654; *Williams v New York City Hous. Auth.,* 238 AD2d 413; *Jacobs v Haber,* 232 AD2d 372). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.