■ KENNETH LEVINE et al., Appellants, v LESLIE BROOKS et al., Defendants, and VOLVOVILLE, U.S.A., INC., et al., Respondents. [738 NYS2d 236] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated November 3, 2000, as granted those branches of the separate motions of the defendants Volvoville, U.S.A., Inc., and Chase Manhattan Bank, U.S.A., N.A., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Since neither of the appellants owned the vehicle in ques-

tion, the Supreme Court properly granted those branches of their separate motions which were for summary judgment dismissing the complaint insofar as asserted against them. A party who has a security interest in a vehicle out of its possession is not deemed to be an owner (*see,* Vehicle and Traffic Law § 388 [3]; *Kelly v Fleet Bank,* 271 AD2d 654; *Isaacs v Tifiletti,* 237 AD2d 976). Florio, J.P., O'Brien, H. Miller and Townes, JJ., concur.