■ LENNETH OLIVER, Respondent, v WILLIAM H. GARRIS, Appellant. [748 NYS2d 656] —In an action to recover damages for personal injuries, the defendant William H. Garris appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Barron, J.), dated December 19, 2001, as denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 2201 for a temporary stay of proceedings against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, that branch of the cross motion which was for a temporary stay of proceedings against the appellant is denied as academic, and the action against the remaining defendant is severed.

Evidentiary material may be considered on a motion to dismiss made pursuant to CPLR 3211 (a) (7) to assess the viability of a complaint where such evidence demonstrates that a material fact alleged by the plaintiff to be true is "not a fact at all," and that "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *see Rovello v Orofino Realty Co.,* 40 NY2d 633, 635; *Mayerhoff v Timenides,* 269 AD2d 369). Here, contrary to the allegations of the complaint, the undisputed evidentiary material clearly established that the appellant was not the owner, the insured, or the driver of the car in which the plaintiff was a passenger at the time of the single vehicle accident in which she was injured. Accordingly, there was no basis to impose liability for negligence upon the appellant, and the Supreme Court erred in denying the appellant's motion to dismiss the complaint insofar as asserted against him and in granting a temporary stay of proceedings against him pursuant to CPLR 2201 while the plaintiff completed other nominally-related actions. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.