■ YEW PROSPECT, LLC, Appellant, v MARCOS SZULMAN et al., Respondents. ROBERT N. ZAUSMER, Nonparty Appellant. [759 NYS2d 357] —In an action for partition and sale of real property, the plaintiff and the nonparty, Robert N. Zausmer, as executor of the estate of Morris L. Zausmer, appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated February 11, 2002, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), and (7), and denied, as academic, their cross motion for leave to Robert N. Zausmer, as executor of the estate of Morris L. Zausmer, to intervene and be joined as an additional plaintiff.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is denied, the complaint is reinstated, and the cross motion is granted.

The plaintiff commenced this action for partition and sale of real property alleging that the parties owned the property as tenants in common. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), and (7) contending that a partition action could not be maintained because the property was owned as a tenancy in partnership (*see* RPAPL 901; *Greshin v Sloane,* 138 AD2d 569 [1988]). Because the sole member of the plaintiff limited liability company died after the action was commenced, the plaintiff and the executor of the member's estate, Robert N. Zausmer, cross-moved to permit Zausmer, as executor, to intervene and be joined as a plaintiff.

The Supreme Court granted the defendants' motion and denied the cross motion as academic. We reverse.

Where, as here, evidentiary material is submitted on a motion to dismiss pursuant to CPLR 3211 (a) (7), it may be considered in assessing the viability of a complaint, but unless the defendant demonstrates that a material fact alleged by the plaintiff "is not a fact at all" and that "no significant dispute exists regarding it," the complaint should not be dismissed (*see Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). Similarly, a complaint may be dismissed based on documentary evidence pursuant to CPLR 3211 (a) (1) only if the factual allegations are definitively contradicted by the evidence or a defense is conclusively established (*see Smuckler v Mercy Coll.,* 244 AD2d 329, 330 [1997]).

The evidence submitted by the defendants did not establish that the property was owned as a tenancy in partnership rather than a tenancy in common. Nor did the defendants demonstrate that the plaintiff did not have legal capacity to sue (*see* CPLR 3211 [a] [3]). Consequently, the Supreme Court should have denied their motion.

Further, the cross motion should have been granted. Pursuant to Limited Liability Company Law § 608 and the terms of the plaintiff's operating agreement, Robert N. Zausmer, the executor of the deceased sole member's estate, is authorized to wind up the affairs of the company. Consequently, he should be joined as a plaintiff in this action. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.