█ EDWARD H. ILLIONS, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent, et al., Defendants. [768 NYS2d 625]—

In a consolidated action, inter alia, to recover damages for the bad faith refusal to settle a personal injury claim, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated June 25, 2002, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against it for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly considered the evidentiary material which the defendant submitted in support of its motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). It is well settled that evidentiary material may be considered on a CPLR 3211 (a) (7) motion to assess the viability of a complaint, and where such evidence demonstrates that a material fact alleged by the plaintiff to be true is "not a fact at all," the complaint should be dismissed (*see Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *Well v Yeshiva Rambam,* 300 AD2d 580 [2002]; *Oliver v Garris,* 298 AD2d 509 [2002]; *see also Adams v O'Connor,* 245 AD2d 537 [1997]). Here, the gravamen of the plaintiff's complaint is that

the defendant insurance company violated the covenant of good faith and fair dealing which it owed to its insureds by refusing to settle the underlying personal injury action for the full amount available under their limited policy (*see Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445 [1993]). However, in view of the documentary evidence that the personal injury action has now been settled for the full amount available under the subject policy, the defendant cannot be held liable for the bad faith refusal of a settlement offer (*see Pavia v State Farm Mut. Auto. Ins. Co., supra*). Accordingly, the Supreme Court properly dismissed the action.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Krausman, Cozier and Mastro, JJ., concur.