(November 15, 2004)

■ ALLSTATE INSURANCE COMPANY, Respondent, v KELLY RAGU-ZIN, Appellant. [784 NYS2d 644]—

In an action to enforce a contractual right to a trial de novo, the defendant appeals from an order of the Supreme Court,

Putnam County (Hickman, J.), dated November 17, 2003, which denied her motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), and to confirm two arbitration awards pursuant to CPLR 7510.

Ordered that the order is affirmed, with costs.

Where, as here, evidentiary material is submitted in support of a motion to dismiss the complaint, the motion should be granted only where such evidence demonstrates that a material fact alleged by the plaintiff to be true is "not a fact at all," and that "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *see Illions v Allstate Ins. Co.,* 2 AD3d 686 [2003]; *Yew Prospect v Szulman,* 305 AD2d 588, 589 [2003]; *Museum Trading Co. v Bantry,* 281 AD2d 524, 525 [2001]). Here, however, the defendant's evidentiary submissions failed to show that a material fact alleged in the plaintiff's complaint was "not a fact at all" and that "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg, supra* at 275). Moreover, to the extent that the defendant's motion was predicated upon documentary evidence, the evidence submitted did not definitively contradict the material allegations of the complaint and conclusively dispose of the plaintiff's claim (*see Yew Prospect v Szulman, supra; Museum Trading Co. v Bantry, supra*). Accordingly, that branch of the defendant's motion which was to dismiss the complaint was properly denied.

Furthermore, the Supreme Court providently exercised its discretion in considering the sur-reply letter the plaintiff's attorney submitted in response to a new issue raised in the defendant's reply papers (*see Barbuto v Winthrop Univ. Hosp.,* 305 AD2d 623 [2003]; *269 Fulton Corp. v H.A.B. Realty Assoc.,* 179 AD2d 752, 753 [1992]).

The defendant's remaining contention is without merit. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.