■ Sta-Brite Services, Inc., Appellant, v Jack Sutton et al., Respondents. [794 NYS2d 70]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated April 6, 2004, which converted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), and (7) into one for summary judgment, and granted the motion.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff commenced this action to recover damages for breach of contract. The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), and (7) contending, inter alia, that the plaintiff was not the real party in interest.

Although the defendants' motion was made pursuant to CPLR 3211, the Supreme Court treated it as one for summary judgment. There is no indication in the record that the Supreme Court provided "adequate notice to the parties" (CPLR 3211 [c]), that it was converting the defendants' motion into a mo-

tion for summary judgment (*see Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]). Further, the record does not establish that either party deliberately charted a summary judgment course (*see Williams v New York City Hous. Auth.*, 238 AD2d 413, 414 [1997]). Thus, this Court will apply the standards applicable to a motion to dismiss pursuant to CPLR 3211.

"Where, as here, evidentiary material is submitted on a motion to dismiss pursuant to CPLR 3211 (a) (7), it may be considered in assessing the viability of a complaint, but unless the defendant demonstrates that a material fact alleged by the plaintiff 'is not a fact at all' and that 'no significant dispute exists regarding it,' the complaint should not be dismissed" (*Yew Prospect v Szulman*, 305 AD2d 588, 589 [2003], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Here, the defendants' evidentiary submissions failed to show that a material fact alleged in the plaintiff's complaint was "not a fact at all" and that "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg, supra* at 275; *see Allstate Ins. Co. v Raguzin*, 12 AD3d 468, 469 [2004]). Moreover, to the extent that the defendants' motion is based upon documentary evidence, the evidence submitted did not definitively contradict the material allegations of the complaint and conclusively dispose of the plaintiff's claim (*see Allstate Ins. Co. v Raguzin, supra*).

Further, the defendants failed to demonstrate that the plaintiff did not have the legal capacity to sue (*see* CPLR 3211 [a] [3]). The defendants did not establish a sufficient foundation for the admissibility, as a business record, of an "online information" document which they submitted to show that the plaintiff was not authorized to do business in the State of New York at the time that the subject contract was entered into (*see* CPLR 4518 [a]; *Speirs v Not Fade Away Tie Dye Co.*, 236 AD2d 531, 532 [1997]; *see generally People v Kennedy*, 68 NY2d 569, 578-580 [1986]).

Consequently, the defendants' motion should have been denied. H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.