■ SAXONY ICE CO., DIVISION OF SPRINGFIELD ICE CO., INC., Appellant, v ULTIMATE ENERGY RESTAURANT CORP., Respondents. [810 NYS2d 344]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, West-

chester County (Barone, J.), entered April 7, 2005, which granted the defendants' motion pursuant to CPLR 3211 (a) (1) and 3212 to dismiss the complaint and for summary judgment on their counterclaims.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is denied, and the complaint is reinstated.

The Supreme Court erred in granting the defendants' motion to dismiss the complaint and for summary judgment on their counterclaims. To the extent that the motion was made pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claims (*cf. Berardino v Ochlan*, 2 AD3d 556, 557 [2003]; *Prudential Wykagyl/Rittenberg Realty v Calabria-Maher*, 1 AD3d 422 [2003]; *Teitler v Pollack & Sons*, 288 AD2d 302 [2001]). Here, the documentary evidence submitted by the defendants did not resolve all of the factual issues as a matter of law, nor did it conclusively dispose of the plaintiff's claims (*see Museum Trading Co. v Bantry*, 281 AD2d 524, 525 [2001]; *Brunot v Eisenberger & Co.*, 266 AD2d 421 [1999]).

Moreover, the Supreme Court erred in awarding the defendants summary judgment since their submissions failed, prima facie, to eliminate all material issues of fact from the case (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *National Equip. Rental v Frost Sand & Gravel Corp.*, 18 AD2d 709 [1962]). Crane, J.P., Santucci, Mastro and Lifson, JJ., concur.