■ Lisa Buckley Fedele et al., as Coexecutors of Sanford Rosen, Deceased, et al., Appellants, v Qualified Personal Residence Trust of Doris Rosen Margett, Dated November 14, 2001, et al., Defendants, and North Shore Hospital Long Island Jewish Health System, Respondent. [27 NYS3d 613]—

In an action, inter alia, to recover damages for breach of fiduciary duty and for declaratory relief, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Janowitz, J.), entered May 5, 2014, which converted that branch of the motion of the defendant North Shore Hospital Long Island Jewish Health System which was pursuant to

CPLR 3211 (a) (7) to dismiss the amended complaint into one for summary judgment dismissing the second, third, fourth, and fifth causes of action, and for a declaration in its favor, and thereupon granted that branch of the motion and declared, inter alia, that the defendant North Shore Hospital Long Island Jewish Health System retains its right under article IX of the Qualified Personal Residence Trust of Doris Rosen Margett dated November 14, 2001, and (2) a judgment of the same court entered May 27, 2014, which, inter alia, declared that the defendant North Shore Hospital Long Island Jewish Health System retains its right under article IX of the Qualified Personal Residence Trust of Doris Rosen Margett.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and that branch of the motion of the defendant North Shore Hospital Long Island Jewish Health System which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

This action arises from a dispute as to the proper distribution of real property under the terms of the Doris Rosen Margett Qualified Personal Residence Trust Agreement of November 14, 2001 (hereinafter the Trust). Article IX (B) (5) of the Trust provides that should Margett's lease to the property expire without renewal, then the property shall be distributed to her son, Sanford Rosen, if he is living, and if he is not living, to the North Shore Hospital Long Island Jewish Health System (hereinafter the Hospital). The Estate of Sanford Rosen and its executors commenced this action claiming that the property should have been distributed to Rosen while he was still living, when Margett's lease expired without renewal within the meaning of the Trust. The Hospital moved, inter alia, to dismiss the amended complaint pursuant to CPLR 3211 (a) (7), contending that Margett's lease did not expire without renewal because Margett is a holdover tenant under the terms of the original lease.

The plaintiffs correctly contend that the Supreme Court improperly converted that branch of the Hospital's motion

which was to dismiss the amended complaint into a motion for summary judgment without adequately notifying the parties pursuant to CPLR 3211 (c). The plaintiffs "were not put on notice of their obligation to make a complete record and to come forward with any evidence that could possibly be considered," or given an opportunity to do so (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007]). The record does not establish that the plaintiffs were laying bare their proof (*see Wesolowski v St. Francis Hosp.*, 108 AD3d 525 [2013]; *Jones v Rochdale Vil., Inc.*, 96 AD3d 1014 [2012]) or that either party deliberately charted a summary judgment course (*see Sta-Brite Servs., Inc. v Sutton*, 17 AD3d 570 [2005]; *see also Bowes v Healy*, 40 AD3d 566 [2007]). Yet, the Supreme Court "effectively treated the motion as one for summary judgment, which requires disclosure of all of the evidence on the disputed issues" (*Kempf v Magida*, 37 AD3d 763, 765 [2007]). Since the parties have briefed the merits of the motion on appeal, in the interests of judicial economy (*see Dockery v Sprecher*, 68 AD3d 1043, 1046 [2009]), this Court will determine the motion, and in so doing, apply the standards applicable to a motion to dismiss pursuant to CPLR 3211 (a) (7).

In determining a motion pursuant to CPLR 3211 (a) (7), the court is limited to an examination of the pleadings to determine whether they state a cause of action, accepting facts alleged as true and interpreting them in the light most favorable to the plaintiff (*see Miglino v Bally Total Fitness of Greater N.Y., Inc.*, 20 NY3d 342, 351 [2013]). Where, as here, evidentiary material is submitted, the criterion becomes whether the plaintiffs have a cause of action, not whether they have stated one, so that the motion must be denied unless it has been shown that a material fact is not a fact at all and no significant dispute exists regarding it (*see Sokol v Leader*, 74 AD3d 1180 [2010]). Here, the Hospital's evidentiary submissions failed to show that the plaintiffs did not have a cause of action. Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.