In an action, inter alia, to recover damages for fraud in the inducement, the plaintiffs Christ the Rock World Restoration Church International, Inc., Bishop Dr. Jonathan E. Owhe, and Board of Directors on behalf of Christ the Rock World Restoration Church International, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated February 24, 2015, as granted that branch of the cross motion of the defendant Evangelical Christian Credit Union which was to impose sanctions upon them pursuant to 22 NYCRR 130-1.1, granted the cross motion of the defendants Pankaj Malik, Malik & Associates, PC., and Pankaj Malik, Esq., doing business as Malik & Associates, P.C., to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against them and to impose sanctions upon those plaintiffs pursuant to 22 NYCRR 130-1.1, and, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Boringuen Business Services, Jose Guzman, Jose Guzman, doing business as Boringuen Business Services, and JCG Empire and Realty Corporation, also known as Jose Carlos Guzman Empire & Realty Corporation.
 

 Ordered that on the Court’s own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Boringuen Business Services, Jose Guzman, Jose Guzman, doing business as Boringuen Business Services, and JCG Empire and Realty Corporation, also known as Jose Carlos Guzman Empire & Realty Corporation, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,
 

 Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting those branches of the cross motions which were to impose sanctions upon the plaintiffs pursuant to 22 NYCRR 130-1.1, and substituting therefor a provision denying those branches of the cross motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
 

 In 2001, the plaintiff Bishop Dr. Jonathan E. Owhe, as principal of the plaintiff Christ the Rock World Restoration Church International, Inc. (hereinafter CTR), executed a note and mortgage in favor of the defendant Evangelical Christian Credit Union (hereinafter ECCU) in the principal sum of $294,000 encumbering real property located in Brooklyn. In 2007, ECCU commenced an action to foreclose the mortgage. In 2011, ECCU obtained a judgment of foreclosure and sale in the principal sum of $361,899.13.
 

 In August 2012, CTR and the defendant Boringuen Business Services (hereinafter Boringuen) entered into a written contract providing for Boringuen’s purchase of the property from CTR. A rider to the contract provided that the contract would be deemed cancelled and of no further effect if either the Supreme Court or the Attorney General denied permission for the transaction. CTR and Boringuen also agreed that, upon the purchase, Boringuen would lease the premises to CTR. It is undisputed that the Attorney General denied permission for the transaction and that, by their terms, the August 2012 agreement and the lease were cancelled. In October 2012, ECCU assigned the note and mortgage to the defendant JCG Empire and Realty Corporation (hereinafter JCG Empire), an entity owned by the defendant Jose Guzman. As part of the assignment and transfer, CTR executed a general release, relinquishing all rights and claims against ECCU. Eventually, a foreclosure sale was conducted, at which JCG Empire made a successful bid of $1,000, and title was thereafter conveyed to JCG Empire by a referee’s deed dated December 10, 2012. In November 2013, JCG Empire commenced a holdover proceeding against CTR.
 

 In March 2014, Dr. Bishop Owhe, CTR and the Board of Directors of CTR (hereinafter collectively the plaintiffs) commenced this action, inter alia, to recover damages for fraud in the inducement. They alleged, among other things, that after the August 2012 written contract between CTR and Boringuen was deemed cancelled when the Attorney General denied permission for the transaction, CTR and the defendants agreed that CTR and Guzman would execute a new written contract. Under the new written contract, Guzman would lease the premises to CTR and give CTR an option to repurchase it at the termination of the lease. No new written contract was ever executed. The complaint further alleged that after JCG Empire purchased the premises at auction and received the referee’s deed, Guzman refused to execute a new contract with CTR. The complaint asserted causes of action alleging conspiracy to commit conversion, fraud in the inducement, tortious misrepresentation, breach of contract, and promissory estoppel, and it demanded relief in the form of, inter alia, damages and specific performance. Simultaneously with their commencement of the action, the plaintiffs moved by order to show cause, inter alia, for a preliminary injunction staying the holdover proceeding and to set aside the referee’s deed. ECCU cross-moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) and for sanctions pursuant to 22 NYCRR 130-1.1. Pankaj Malik, who the plaintiffs alleged was complicit in the alleged fraud, cross-moved to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) and for sanctions pursuant to 22 NYCRR 130-1.1. Guzman, JCG Empire, and Boringuen (hereinafter collectively the Guzman defendants) opposed the motion, but did not file a cross motion. The Supreme Court denied the plaintiffs’ motion for a preliminary injunction, granted the cross motions of ECCU and Malik, and, sua sponte, directed dismissal of the complaint insofar as asserted against the Guzman defendants. The plaintiffs appeal.
 

 As the plaintiffs correctly contend, although Malik’s cross motion was made pursuant to CPLR 3211 (a), the Supreme Court treated it as one for summary judgment without providing the parties with any notice that it intended to do so (see CPLR 3211 [c]; Sta-Brite Servs., Inc. v Sutton, 17 AD3d 570, 570-571 [2005]). Further, the record does not establish that the parties deliberately charted a summary judgment course (see Hutchison v Kings County Hosp. Ctr., 139 AD3d 673, 675 [2016]; Sta-Brite Servs., Inc. v Sutton, 17 AD3d at 570-571). Despite the court’s failure to apply the correct standard, and since the parties have briefed the merits of that branch of Malik’s cross motion on appeal, this Court will, in the interest of judicial economy, determine the motion under the standards applicable to a motion to dismiss pursuant to CPLR 3211 (a) (7) (see Fedele v Qualified Personal Residence Trust of Doris Rosen Margett, 137 AD3d 965, 967 [2016]; Sta-Brite Servs., Inc. v Sutton, 17 AD3d at 571). On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations must be deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences (see Leon v Martinez, 84 NY2d 83, 87 [1994]). “In opposition to such a motion, a plaintiff may submit affidavits to remedy defects in the complaint and preserve inartfully pleaded, but potentially meritorious claims” (Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998] [internal quotation marks omitted]). While a court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (see Sokol v Leader, 74 AD3d 1180, 1181 [2010]), it must be kept in mind that a motion pursuant to CPLR 3211 (a) (7) is not a motion for summary judgment unless the court elects to so treat it under CPLR 3211 (c), after giving adequate notice to the parties (see Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]). “Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate” (Rabos v R&R Bagels & Bakery, Inc., 100 AD3d 849, 851-852 [2012]; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275 [1977]).
 

 The Supreme Court properly granted dismissal of the cause of action alleging breach of contract (see CPLR 3211 [a] [7]). The complaint, even as amplified by the affidavit of Bishop Dr. Owhe, did not allege that the defendants breached a binding contract with the plaintiffs after the August 2012 agreement terminated by its terms. Instead, the complaint alleged only that, after JCG Empire purchased the property at auction, it refused to enter into a new agreement under terms comparable to the terms under the terminated agreement (see Wilderhomes, LLC v Zautner, 34 AD3d 1062, 1064 [2006]). The allegations were also insufficient to state a cause of action for promissory estoppel, as the plaintiffs failed to allege facts that would support a finding that the failure to enforce the alleged promise would result in unconscionable injury (see Dunn v B&H Assoc., 295 AD2d 396, 397 [2002]). Dismissal of the causes of action alleging fraud in the inducement and tortious misrepresentation was properly granted since the complaint failed to allege with sufficient particularity the time and dates of the alleged material misrepresentations (see Orchid Constr. Corp. v Gottbetter, 89 AD3d 708, 709-710 [2011]). Moreover, the plaintiffs did not sufficiently allege that they reasonably relied on any alleged material misrepresentation to their detriment (see Nabatkhorian v Nabatkhorian, 127 AB3d 1043, 1043-1044 [2015]). Finally, the court properly granted dismissal of the cause of action alleging conspiracy to commit conversion, as New York does not recognize an independent cause of action alleging conspiracy to commit a tort (see Lee Dodge, Inc. v Sovereign Bank, N.A., 148 AD3d 1007, 1009 [2017]).
 

 22 NYCRR 130-1.1 (a) permits a court to impose financial sanctions and/or costs upon a party or attorney who engages in frivolous conduct. “For purposes of 22 NYCRR 130-1.1 (a), conduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false (22 NYCRR 130-1.1 [c])” (Matter of Fanizzi v Planning Bd. of Patterson, 146 AD3d 98, 107-108 [2016] [internal quotation marks omitted]). Although we hold that dismissal of the complaint was properly granted, the instant action was not frivolous. Accordingly, the Supreme Court improvidently exercised its discretion in granting those branches of the cross motions which were to impose sanctions (see Muro-Light v Farley, 95 AD3d 846, 848 [2012]).
 

 Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.