Khan v Vasilenko (2024 NY Slip Op 02310)

Khan v Vasilenko

2024 NY Slip Op 02310

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-09103
 (Index No. 530576/21)

[*1]Mumraiz Khan, appellant, 
v
Maxim Vasilenko, defendant, CAB East, LLC, et al., respondents.

William Pager, Brooklyn, NY, for appellant.
Phillips Lytle LLP, Buffalo, NY (Craig A. Leslie, Jacob S. Sonner, and Steven B. Salcedo of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated October 7, 2022. The order granted the motion of the defendants CAB East, LLC, and HTD Leasing, LLC, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On September 15, 2021, at or near the intersection of Bay Parkway and Bath Avenue in Brooklyn, the plaintiff allegedly sustained personal injuries when he was struck by a motor vehicle operated by the defendant Maxim Vasilenko and owned by the defendants CAB East, LLC (hereinafter CAB), and HTD Leasing, LLC (hereinafter HTD). Following the commencement of this action, CAB and HTD (hereinafter together the moving defendants) moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. The moving defendants sought dismissal of the complaint insofar as asserted against CAB on the ground that CAB was entitled to the protection of the Graves Amendment (49 USC § 30106) and, therefore, could not be held vicariously liable for Vasilenko's allegedly negligent operation of the leased vehicle. Further, the moving defendants sought dismissal of the complaint insofar as asserted against HTD on the ground that HTD, as an out-of-possession lienholder of the subject vehicle, could not be held vicariously liable under Vehicle and Traffic Law § 388. The Supreme Court granted the moving defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the moving defendants, and the plaintiff appeals.
As the plaintiff correctly contends, the Supreme Court, in effect, treated the moving defendants' motion pursuant to CPLR 3211(a)(7) as one for summary judgment without providing the parties with any notice that it intended to do so (see id. § 3211[c]; Velez v Captain Luna's Mar., 74 AD3d 1191, 1191; Sta-Brite Servs., Inc. v Sutton, 17 AD3d 570, 570-571). Further, the record does not establish that the parties deliberately charted a summary judgment course (see Hutchison v Kings County Hosp. Ctr., 139 AD3d 673, 675; Sta-Brite Servs., Inc. v Sutton, 17 AD3d at 570-571). Despite the court's failure to apply the correct standard, and since the parties have briefed the merits of the moving defendants' motion on appeal, this Court will, in the interest of judicial economy, determine the motion under the standards applicable to a motion to dismiss pursuant to [*2]CPLR 3211(a)(7) (see Christ the Rock World Restoration Church Intl., Inc. v Evangelical Christian Credit Union, 153 AD3d 1226, 1228-1229; Fedele v Qualified Personal Residence Trust of Doris Rosen Margett, 137 AD3d 965, 967; Garner v China Natural Gas, Inc., 71 AD3d 825, 826).
On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, afford the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d 790, 791). Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d at 791).
Under the Graves Amendment, in order for recovery to be barred, the owner, or an affiliate of the owner, must be engaged in the trade or business of renting or leasing motor vehicles, and the owner, or its affiliate, must not be negligent (see Cukoviq v Iftikhar, 169 AD3d 766, 767; Antoine v Kalandrishvili, 150 AD3d 941, 942; Aviaev v Nissan Infiniti LT, 150 AD3d 807, 808).
Here, the moving defendants established that CAB was entitled to the protection of the Graves Amendment through the affidavit of an employee of an affiliate and the lease agreement for the subject vehicle. Contrary to the plaintiff's contention, the employee's out-of-state affidavit substantially conformed to the statutory requirements of this State, and, thus, the Supreme Court properly considered the affidavit in deciding the motion (see 21st Mtge. Corp. v Rudman, 201 AD3d 618, 624-625; Midfirst Bank v Agho, 121 AD3d 343, 351). Further, the employee had sufficient personal knowledge to authenticate the lease agreement, which was annexed to his affidavit (see Antoine v Kalandrishvili, 150 AD3d at 942; Burrell v Barreiro, 83 AD3d 984, 985). Through the employee's affidavit and the lease agreement, the moving defendants showed that CAB was the owner of the subject vehicle and engaged in the business of renting or leasing motor vehicles (see Cukoviq v Iftikhar, 169 AD3d at 768; Antoine v Kalandrishvili, 150 AD3d at 942; Aviaev v Nissan Infiniti LT, 150 AD3d at 808). In addition, to the extent that the plaintiff's contention that CAB negligently maintained the subject vehicle was supported by factual allegations, the moving defendants established that those allegations were not facts at all through their submissions showing that CAB did not engage in the repair and maintenance of the vehicles it leases and that it was the sole responsibility of the lessee of the subject vehicle to maintain the subject vehicle (see Guggenheimer v Ginzburg, 43 NY2d at 275; Cukoviq v Iftikhar, 169 AD3d at 768; Antoine v Kalandrishvili, 150 AD3d at 942; Aviaev v Nissan Infiniti LT, 150 AD3d at 808).
Moreover, the moving defendants established through the employee's affidavit and an annexed title application that HTD, as an out-of-possession lienholder, was not an owner of the subject vehicle under Vehicle and Traffic Law § 388, and, thus, could not be held vicariously liable for Vasilenko's alleged negligence (see id. § 128; Levine v Brooks, 291 AD2d 481, 482; Kelly v Fleet Bank, 271 AD2d 654, 655).
Accordingly, the Supreme Court properly granted the moving defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court