Grandelli v City of New York (2025 NY Slip Op 02154)

Grandelli v City of New York

2025 NY Slip Op 02154

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Webber, J.P., Kennedy, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 160013/18|Appeal No. 4027|Case No. 2023-06684|

[*1]Louis Grandelli etc., et al., Respondents,
v
City of New York, et al., Respondents, Home Depot U.S.A., Inc., Defendant-Appellant. Truck Renting and Leasing Association, Amicus Curiae.

Lewis Brisbois Bisgaard & Smith, LLP, New York (Nicholas Hurzeler of counsel), for appellant.
Gair, Gair, Conason, Rubinowitz, Bloom Hershenhorn, Steigman & Mackauf, New York (Christopher J. Donadio of counsel), for Louis Grandelli, Lieve Wyseur, Justine Decadt, Friedel Decadt, Juan Pablo Trevisan, Monica Missio, KL, Yan Zhuang, Marion Van-Reeth, Aristides Melissas, DM, TB, Miguel Buytaert, Martin Marro, Ivan Brajkovic, Guillermo Branchini and Ariel Benevuto, respondents.
Edelman, Krasin & Jaye, PLLC, Westbury (Monica P. Becker of counsel), for Marierose Charles, respondent.
Marshall Dennehey, P.C., New York (Diane K. Toner of counsel), for Hudson River Park Trust, respondent.
Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for amicus curiae.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about December 6, 2023, which denied defendant Home Depot U.S.A., Inc.'s renewed motion to dismiss the complaints, amended complaints, and all cross-claims against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In this consolidated action for personal injuries, plaintiffs seek to hold Home Depot liable for an attack committed by Sayfullo Habibullaevic Saipov, a terrorist who was convicted by a federal jury of intentionally driving a pickup truck he leased from Home Depot in Passaic, New Jersey, into a crowd of pedestrians and bicyclists on the Greenway bicycle path in Hudson River Park in Manhattan on October 31, 2017. Plaintiffs allege that Home Depot negligently entrusted the pickup truck to Saipov.
As an initial matter, it appears that the motion court treated the instant motion as one for summary judgment and analyzed the evidence as such. Assuming it did so, this was improper, as the motion court did not give notice to the parties of its intent to do so (see CPLR 3211[c]; Pacheco v Jabalera, 214 AD3d 516, 516 [1st Dept 2023]; Fedele v Qualified Personal Residence Trust of Doris Rosen Margett, 137 AD3d 965, 967 [2d Dept 2016]), and the parties did not deliberately chart a summary judgment course (see Hernandez v 2075-2081 Wallace Ave. Owners Corp., 176 AD3d 467 [1st Dept 2019]; Fedele, 137 AD3d at 967).
On a CPLR 3211 motion to dismiss, the allegations in the complaint are to be afforded liberal construction, and the facts alleged therein are to be accepted as true, according a plaintiff the benefit of every possible favorable inference and determining only whether the facts alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Jericho Group, Ltd. v Midtown Dev., L.P., 32 AD3d 294, 298 [1st Dept 2006]). However, "[f]actual allegations presumed to be true on a motion pursuant to CPLR 3211 may properly be negated by affidavits and documentary evidence" (Wilhelmina Models, Inc. v Fleisher, 19 AD3d 267, 269 [1st Dept 2005], citing Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81 [1st Dept 1999], affd 94 NY2d 659 [2000]).
Plaintiffs' complaints allege that Home Depot negligently entrusted the vehicle to Saipov when it knew or should have known that his use of the pickup truck could be potentially dangerous to others, and that it should have refused to rent it to him. These allegations, even when viewed in the light most favorable to plaintiffs, do not state a cause of action for negligent entrustment. Moreover, documentary evidence as well as deposition testimony submitted by Home Depot conclusively refute these allegations.
Moreover, Home Depot established that it did not have "some special knowledge concerning a characteristic or condition peculiar" to Saipov which would render his use of the truck "unreasonably dangerous" (Shepard v Power[*2], 219 AD3d 769, 772 [2d Dept 2023]; see also Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 237 [2001][ "The tort of negligent entrustment is based on the degree of knowledge the supplier of a chattel has or should have concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion."]). Furthermore, there was no showing that Home Depot knew or should have known of Saipov's intent to commit a terrorist act. Contrary to plaintiffs' allegations, none of the "red flags" identified in the FBI bulletin regarding "Potential Indicators of Terrorist Activities Related to Rental Trucks," or contained in other materials by law enforcement were present during the two rental transactions by Saipov. The Home Depot employee who rented a pickup truck to Saipov on two occasions, including on the day of the attack, testified that Saipov presented a valid driver's license, insurance card, and a credit card bearing his name, and that he acted in an entirely unremarkable manner with nothing out of the ordinary in his appearance, dress, conduct, demeanor, or speech. While plaintiffs allege that Saipov raised suspicion by wearing sunglasses during the two rental transactions, still photographs taken from video surveillance show him wearing sunglasses outside the store and not inside the store. These photographs are not probative of whether he wore sunglasses when renting the pickup truck on the day of the attack. More importantly, the Home Depot employee who rented the trucks to Saipov stated that Saipov was not wearing sunglasses at the time of the rentals.
As relevant here, the only suspicious factor cited in the materials from law enforcement was the omission of Saipov's middle name on one of the documents he presented. Although the driver's license presented included Saipov's middle name, unlike the other documents, this by itself was insufficient to raise suspicions concerning Saipov's intent. Saipov's presentation of a Florida driver's license and his casual conversation regarding Tampa's beaches were also unremarkable. The employee who rented the truck to Saipov on the day of the attack also testified that he checked Saipov's driving record, and it indicated only that Saipov's driver's license was suspended two years earlier based on an insurance issue, and that Saipov was cited for a violation in Pennsylvania concerning operating a vehicle without required equipment, none of which suggested a propensity for violence. Finally, there is nothing in the record to suggest that Saipov was on a terrorist watchlist or that Home Depot had access to such a list, if it exists. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025