Yellin v Revival Prop. Group, LLC (2025 NY Slip Op 07332)

Yellin v Revival Prop. Group, LLC

2025 NY Slip Op 07332

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2021-04058 
2021-04059
2022-00315
 (Index No. 616166/19)

[*1]Stuart Yellin, et al., appellants, 
vRevival Property Group, LLC, et al., defendants, Brode Ellison Group at Douglas Elliman Real Estate, et al., respondents (and a third-party action).

McCarthy Fingar, LLP, White Plains, NY (James Landau and Joshua S. Subin of counsel), for appellants.
Lieb at Law, P.C., Smithtown, NY (Cheryl Berger of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent misrepresentation, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Sharon M. J. Giannelli, J.), dated April 14, 2021, (2) a judgment of the same court dated May 4, 2021, and (3) an order of the same court dated December 21, 2021. The order dated April 14, 2021, insofar as appealed from, granted those branches of the motion of the defendants Brode Ellison Group at Douglas Elliman Real Estate and Mark Brode which were pursuant to CPLR 3211(a) to dismiss the second, fourth, fifth, and seventh causes of action insofar as asserted against them. The judgment, insofar as appealed from, upon the order dated April 14, 2021, is in favor of the defendants Brode Ellison Group at Douglas Elliman Real Estate and Mark Brode and against the plaintiffs dismissing those causes of action insofar as asserted against those defendants. The order dated December 21, 2021, insofar as appealed from, upon renewal and reargument, adhered to the determination in the order dated April 14, 2021, granting those branches of the prior motion of the defendants Brode Ellison Group at Douglas Elliman Real Estate and Mark Brode which were pursuant to CPLR 3211(a) to dismiss the second, fourth, fifth, and seventh causes of action insofar as asserted against them, and denied that branch of the plaintiffs' motion which was for leave to amend the complaint.
ORDERED that the appeal from the order dated April 14, 2021, is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, those branches of the motion of the defendants Brode Ellison Group at Douglas Elliman Real Estate and Mark Brode which were pursuant to CPLR 3211(a) to dismiss the second, fourth, fifth, and seventh causes of action insofar as asserted against them are denied, those causes of action are reinstated insofar as asserted against those defendants, the order dated April 14, 2021, is modified accordingly, and so much of the order dated December 21, 2021, as, upon renewal and reargument, adhered to the determination in the order dated April 14, 2021, granting those branches of the motion of the defendants Brode Ellison Group at Douglas Elliman Real Estate and Mark Brode, is vacated; and [*2]it is further,
ORDERED that the appeal from so much of the order dated December 21, 2021, as, upon renewal and reargument, adhered to the determination in the order dated April 14, 2021, granting those branches of the prior motion of the defendants Brode Ellison Group at Douglas Elliman Real Estate and Mark Brode which were pursuant to CPLR 3211(a) to dismiss the second, fourth, fifth, and seventh causes of action insofar as asserted against them, is dismissed as academic in light of our determination on the appeal from the judgment; and it is further,
ORDERED that the order dated December 21, 2021, is reversed insofar as reviewed, and that branch of the plaintiffs' motion which was for leave to amend the complaint is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order dated April 14, 2021, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated April 14, 2021, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Between November 2018 and January 2019, the defendants Brode Ellison Group at Douglas Elliman Real Estate and Mark Brode (hereinafter together the defendants) allegedly acted as a dual agent, representing both the plaintiffs and the sellers in the sale of certain real property located in Nassau County. Shortly after the plaintiffs' purchase of the property and allegedly contrary to the defendants' representations, the plaintiffs discovered, among other things, that the property was remodeled without proper permits, causing significant structural defects. In November 2019, the plaintiffs commenced this action against, among others, the defendants, inter alia, to recover damages for fraudulent misrepresentation.
In December 2019, the defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the second cause of action, alleging breach of fiduciary duty, the fourth cause of action, alleging negligent misrepresentation, the fifth cause of action, alleging gross negligence, and the seventh cause of action, alleging fraudulent misrepresentation, insofar as asserted against them. In an order dated April 14, 2021, the Supreme Court, inter alia, granted those branches of the defendants' motion. The court thereafter issued a judgment dated May 4, 2021, upon the order dated April 14, 2021, among other things, in favor of the defendants and against the plaintiffs dismissing the second, fourth, fifth, and seventh causes of action insofar as asserted against the defendants. The plaintiffs then moved for leave to renew and reargue their opposition to the defendants' prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and for leave to amend the complaint. In an order dated December 21, 2021, the court, inter alia, upon renewal and reargument, adhered to the determination in the order dated April 14, 2021, granting those branches of the defendants' prior motion which were pursuant to CPLR 3211(a) to dismiss the second, fourth, fifth, and seventh causes of action insofar as asserted against them, and denied that branch of the plaintiffs' motion which was for leave to amend the complaint. The plaintiffs appeal.
Although the plaintiffs' motion was made pursuant to CPLR 3211(a), the Supreme Court treated it as one for summary judgment without providing the parties with any notice that it intended to do so (see id. § 3211[c]). Despite the court's failure to apply the correct standard, inasmuch as the parties have briefed the merits of those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second, fourth, fifth, and seventh causes of action insofar as asserted against them on appeal, this Court, in the interest of judicial economy, will determine those branches under the standards applicable to a motion to dismiss pursuant to CPLR 3211(a) (see Christ the Rock World Restoration Church Intl., Inc. v Evangelical Christian Credit Union, 153 AD3d 1226, 1229; Fedele v Qualified Personal Residence Trust of Doris Rosen Margett, 137 AD3d 965, 966-967; Sta-Brite Servs., Inc. v Sutton, 17 AD3d 570, 570-571).
"To succeed on a motion to dismiss based upon documentary evidence pursuant to [*3]CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Georgica Bldrs., Ltd. v 136 Bishops Lane, LLC, 175 AD3d 610, 611 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). Further, "[o]n a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Georgica Bldrs., Ltd. v 136 Bishops Lane, LLC, 175 AD3d at 611; see Leon v Martinez, 84 NY2d at 87).
Here, accepting the allegations in the complaint as true and affording the plaintiffs the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87), the complaint sufficiently stated causes of action alleging fraudulent misrepresentation, negligent misrepresentation, gross negligence, and breach of fiduciary duty. "The elements of a cause of action to recover damages for fraud are (1) a misrepresentation or a material omission of fact which was false, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages" (Berkovits v Berkovits, 190 AD3d 911, 915; see Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 673, 677). Here, contrary to the defendants' contentions, the complaint alleged misrepresentations of fact, which were allegedly false, knowledge of their falsity, and an intent to induce the plaintiffs' reliance as part of a fraudulent house-flipping scheme involving the defendants and others. For similar reasons, the complaint sufficiently alleged causes of action to recover damages for negligent misrepresentation (see Leon v Martinez, 84 NY2d at 87; RBS Citizens, N.A. v Thorsen, 71 AD3d 1108, 1108-1109) and gross negligence (see Leon v Martinez, 84 NY2d at 87; Dolphin Holdings, Ltd. v Gander & White Shipping, Inc., 122 AD3d 901, 902-903).
Furthermore, "'[a] real estate broker is a fiduciary with a duty of loyalty and an obligation to act in the best interests of the principal'" (Edwards v Walsh, 169 AD3d 865, 867, quoting Dubbs v Stribling & Assoc., 96 NY2d 337, 340; see Ader v Guzman, 135 AD3d 668, 670). "'[W]here a broker's interests or loyalties are divided due to a personal stake in the transaction or representation of multiple parties, the broker must disclose to the principal the nature and extent of the broker's interest in the transaction or the material facts illuminating the broker's divided loyalties'" (Edwards v Walsh, 169 AD3d at 867, quoting Dubbs v Stribling & Assoc., 96 NY2d at 340). "'A breach of this duty of loyalty by a real estate broker may constitute a fraud for which the broker is answerable in damages'" (id., quoting Precision Glass Tinting v Long, 293 AD2d 594, 595). Here, the complaint sufficiently alleged, and the defendants' documentary proof failed to utterly refute, that the defendants represented multiple parties to the transaction without disclosing that fact to the plaintiffs and thereby breached their fiduciary duty to the plaintiffs. In particular, the last page of a Real Property Law § 443 disclosure form bearing the signature of only one of the plaintiffs did not warrant dismissal of the second cause of action pursuant to CPLR 3211(a)(1).
The Supreme Court also should have granted that branch of the plaintiffs' motion which was for leave to amend the complaint. "Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit" (Bridgehampton Natl. Bank v D & G Partners, L.P., 186 AD3d 1310, 1311; see CPLR 3025[b]). Here, the plaintiffs established their entitlement to the proposed amendments, which the defendants did not oppose (see Deutsche Bank Natl. Trust Co. v Nissan, 230 AD3d 1105, 1108; Thomsen v Suffolk County Police Dept., 50 AD3d 1015, 1017-1019).
In light of our determination, the appeal from so much of the order dated December 21, 2021, as, upon renewal and reargument, adhered to the determination in the order dated April 14, 2021, granting those branches of the defendants' prior motion which were pursuant to CPLR 3211(a) to dismiss the second, fourth, fifth, and seventh causes of action insofar as asserted against them, must be dismissed as academic.
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court